UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER LABORDE,<br>Plaintiff | CIVIL ACTION NO. 16-CV-491 |
| VERSUS | CHIEF JUDGE DRELL |
| TOWN OF MANSURA,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 6) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Town of Mansura. Defendant seeks dismissal with prejudice of Plaintiff's Petition for Damages.

I. Background

Plaintiff originally filed this lawsuit in the Twelfth Judicial District Court in Avoyelles Parish. Plaintiff contends that he was "regarded as" having a disability and that he was discriminated against and denied employment as a result of that purported disability. (Doc. 1). Defendant removed on April 14, 2016, contending that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim is a civil action arising under the Americans with Disabilities Act. (Doc. 1).

Defendant filed a Motion to Dismiss (Doc. 6) asserting that Plaintiff's initial EEOC Complaint was not timely and that Plaintiff's petition may not have been timely. (Doc. 6).

Plaintiff alleged the acts of discrimination occurred on December 10, 2012. On April 23, 2013, Plaintiff filed an Intake Questionnaire with the EEOC.[1] Plaintiff filed an EEOC Complaint on July 1, 2013, 201 days after the alleged act of discrimination. (Doc. 6). The EEOC right to sue letter was mailed on November 30, 2015 (Doc. 6) and Plaintiff received the letter on December 3, 2015 (Doc. 9). On March 2, 2016, the state court petition was filed.

Plaintiff filed a Memorandum in Opposition along with an Amended Complaint pursuant to Fed. R. Civ. P. 15, asserting that the action was timely filed and not prescribed on its face. Defendant did not file a reply brief.

II.   Law and Analysis

   A.   Standards governing the Motion to Dismiss.

A party may move for the dismissal of a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

To survive a motion to dismiss, the pleadings must contain enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A complaint may be dismissed for failure to state a cause of

---

[1] In his Petition for Damages, Plaintiff stated that he filed the Charge of Discrimination with the EEOC on April 23, 2013. However, in his Amended Complaint, Plaintiff clarified that the document filed on April 23, 2013 was the Intake Questionnaire.

2

action, if relief is barred by an affirmative defense, such as a statute of limitations. Kaiser Aluminum, 677 F.2d at 1050 (citations omitted).

    B.    <u>Plaintiff's EEOC Complaint was timely.</u>

Defendant asserts that Plaintiff's action is time-barred because Plaintiff failed to timely file his complaint with the EEOC. Defendant cites 42 U.S.C. § 2000e-5(e)(1), arguing that a charge must be filed within 180 days of the alleged unlawful employment practice, and that because there is no evidence or allegation that a charge was made to a state or local agency, the remainder of 42 U.S.C. § 2000e-5(e)(1) would not be triggered.

During the hearing on Defendant's Motion to Dismiss, two additional questions were raised concerning the timeliness of the EEOC Complaint. The first is whether, under 42 U.S.C. § 2000e-5(e)(1), filing a charge with the EEOC triggers the 300 day filing provision when the charge does not explicitly raise a state law claim. The second is whether the employer must be notified of the claim after a party submits an EEOC intake questionnaire for the questionnaire to be considered a verified charge. The parties were afforded an additional fourteen (14) days to provide the Court with additional citations on these questions if they wished; no additional citations were provided to the Court.

    1.    <u>The 300 day filing period under 42 U.S.C § 2000e-5(e)(1) does not require a state law claim to be expressly raised in order to be triggered.</u>

Under 42 U.S.C. § 2000e-5(e)(1):

[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of

3

the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

"Pursuant to 42 U.S.C. § 2000e-5(e), an EEOC charge must be filed within 180 days after the alleged unlawful employment practice." Conner v. Louisiana Dept. of Health and Hospitals, 247 Fed. Appx. 480, 481 (5th Cir. 2007) (unpublished). However, "[w]hen an employment discrimination claim is brought in a deferral state, an aggrieved employee must file a claim with the designated state agency or the EEOC within 300 days of the alleged unlawful employment action." Kirkland v. Big Lots Store, Inc., 574 Fed. Appx. 570, 572 (5th Cir. 2013); see also Conner, 247 Fed. Appx. at 481. If not filed within those time limits, the claim is time barred. Kirkland, 574 Fed. Appx. at 573.

The plain language of 42 U.S.C. § 2000e-5(e) does not expressly require a state law claim to be raised to trigger the 300 day filing period. Rather, the 300 day filing period is triggered when proceedings are instituted with a "State or local agency with authority to grant or seek relief" from the unlawful employment practice. 42 U.S.C. § 2000e-5(e). The "authority to grant or seek relief" refers to legislation that establishes state or local agencies. E.E.O.C. v. Commercial Office Products Co., 486 U.S. 107, 123 (1988).

4

The Louisiana Commission on Human Rights (LCHR) is a state agency with authority to remedy employment discrimination pursuant to a work sharing agreement with the EEOC. Conner, 247 Fed. Appx. at 481. Under La. R.S. § 51:2231, the LCHR "shall have enforcement powers including adjudication of claims of discrimination prohibited by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950, and pay discrimination prohibited by R.S. 23:664." Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950 prohibits employment discrimination on the basis of a disability. La. R.S. § 23:323. Therefore, the LCHR, as a state agency, has been conferred statutory authority to grant or seek relief regarding a claim of disability discrimination in employment.

As to whether a specific state law claim must be made in order to trigger the 300-day filing provision in Louisiana, as opposed to triggering it solely by the work sharing agreement, dicta from courts in the Fifth Circuit and elsewhere has been mixed. In Givs v. City of Eunice, the court broadly stated that "[i]n a 'deferral' state like Louisiana, an aggrieved employee has 300 days from the date of the last alleged act of discrimination to file an EEOC charge in order to preserve his right to make federal claims in a district court on a later date." 512 F.Supp.2d 522, 535 (W.D. La. 2007), aff'd 268 F. Appx. 305 (5th Cir. 2008) (citations omitted). Another court stated that "before pursuing a claim under the Americans with Disabilities Act, plaintiff must file a timely charge of *disability* discrimination with the EEOC. In a 'deferral state' such as Louisiana, the charge must be filed within 300 days of the allegedly discriminatory act." Wallace v. Magnolia Family Services, Inc., 2013 WL 6198277

5

(E.D. La. Nov. 27, 2013) (internal citations omitted) (citing Windhauser v. Bd. Of Supervisors, 360 F.App'x 562, 565 (5th Cir. 2010) (in addressing plaintiff's failure to accommodate claims under the ADA, the court noted that because Louisiana is a deferral state, plaintiff had three hundred days from an alleged act of discrimination to file a charge with the EEOC).

Furthermore, in an action brought in Texas by an employee alleging her termination violated the ADA, the Fifth Circuit stated that "[t]he ADA incorporates the enforcement procedures of Title VII of the Civil Rights Act of 1964, set forth in 42 U.S.C. 2000E-5. Before pursuing a claim, a plaintiff must file a timely charge of discrimination with the EEOC. In a 'deferral state' such as Texas, the charge must be filed within 300 days." Simotas v. Kelsey-Seybold, 211 Fed. Appx. 273, 275 (5th Cir. 2006) (internal citations omitted). However, in an earlier opinion, a court stated that "[i]n 'deferral states' this filing period is extended to 300 days if there is also a discrimination claim based on state law." Mayes v. Office Depot, Inc., 292 F.Supp.2d 878, 888 (W.D. La. 2003); see also Harding v. Huntington Ingalls Industries, No. 1:15CV274, 2015 WL 6812242, *1 (S.D. Miss. Nov. 5, 2015).

In this case, Plaintiff alleges he was discriminated against, and consequently not hired, because his disability would render him a "liability." (Doc. 1-1). Title 42 U.S.C. § 2000e-5(e)(1) does not expressly require a state law claim to be raised to trigger the 300-day filing period. Since the LCHR has authority to grant or seek relief for claims of disability discrimination in an employment setting, Plaintiff has 300

6

days to institute a claim with the LCHR or with the EEOC pursuant to the work sharing agreement.

Plaintiff filed his formal complaint on July 1, 2013, more than 180 days but less than 300 days after the alleged act of discrimination. Pursuant to the work sharing agreement, the LCHR would have received notice of the charge through the EEOC before the expiration of the 300 day filing period. Therefore, Plaintiff instituted proceedings within the time period allowed by statute.

2. <u>**The employer must be notified of the claim after a party submits an EEOC intake questionnaire for the questionnaire to be considered a verified charge.**</u>

The date the alleged discrimination occurred was December 10, 2012. Plaintiff signed his intake questionnaire on April 23, 2013, well within the 180-day filing period. However, there is no indication that Defendant was made aware of the claim.

The Fifth Circuit has "recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to 'set[] the administrative machinery in motion.'" <u>Conner</u>, 247 Fed. Appx. at 481 (citations omitted). In <u>Conner</u>, the court evaluated the intake questionnaire and found that it informed the EEOC of the identities of the parties and described the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge.

In this case, the Intake Questionnaire identified the Town of Mansura and its mayor and gave the date of the alleged discrimination. Boxes were checked off to

indicate Plaintiff was discriminated against by a potential employer and for a disability, and stated that a city council member[2] "notified me that I would not be hired because my disability presented a 'potential liability to town' despite me being able to do the job with reasonable accommodations and me being more qualified than other applicants." (Doc. 9-1). In the section for employment data, Plaintiff had written in the job title he alleges he was not hired for, though he crossed it out since that section was for current employment data. In comparison, the official Charge of Discrimination lists the Town of Mansura, states Plaintiff applied for and was denied the position of Waste Water Supervisor and that he was told by the Mayor (and not the city council member) that he could not be hired because he may be a liability due to his disability.

Furthermore, on the Intake Questionnaire, Plaintiff checked the box on the last page indicating that he wishes to file a charge of discrimination. At the bottom of the last page, the forms states that "this questionnaire may serve as a charge if it meets the elements of a charge."

However, there is no indication that the Town of Mansura was notified that a charge had been filed against it following the submission of the Intake Questionnaire. "The employer's notification that a discrimination suit has been filed against it is of foremost important when determining whether a charge has been made." Redford v. KTBS, LLC, 135 F.Supp.3d 549, 557 (W.D.La. 2015). Plaintiff failed to provide any

---

[2] The city council member was identified by name, but the handwritten name is illegible.

evidence that Defendant had received notice that Plaintiff was pursuing a discrimination claim. See Harris v. Honda, 213 Fed.Appx. 258, 262 (5th Cir. 2006).

### C. Plaintiff's Petition was timely.

In the Motion to Dismiss, Defendant states the filing of Plaintiff's state petition may not have been filed timely. The EEOC right to sue letter was mailed on November 30, 2015 and Plaintiff fax-filed his action in state court on March 2, 2016. (Doc. 6). In Plaintiff's Amended Complaint, he states that he received the right to sue letter on December 3, 2015. (Doc. 9). At the hearing on Defendant's Motion to Dismiss, Defendant conceded that Plaintiff's complaint would not be time barred.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant's Motion to Dismiss (Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of September, 2016.

                                              Joseph H.L. Perez-Montes
                                              United States Magistrate Judge