| CHRISTOPHER LABORDE | CIVIL ACTION NO. 1:16-CV-00491 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| TOWN OF MANSURA, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

### I. Background

Before the Court is a complaint filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, by Plaintiff Christopher Laborde ("Laborde") against Defendant Town of Mansura ("the Town") (Docs. 1, 9). Laborde alleges that, in 2012, he was discriminated against when he denied employment with the Town because one of his legs is prosthetic. Laborde seeks monetary damages (including punitive damages and wages), injunctive relief, attorney fees, and costs. The Town filed a Motion to Dismiss (Doc. 6) that was denied (Doc. 22). The Town also answered the complaint (Doc. 21).

The Town then filed a second Motion to Dismiss and Alternative Motion to Compel and Extend Deadlines (Doc. 23). The Town contends that Laborde failed to comply with Plan of Work deadlines: (1) to supplement his initial disclosures; (2) to respond to interrogatories, requests for production, and requests for admissions (due March 31, 2017); (3) to disclose experts (due October 3, 2016); and (4) to disclose may-call witnesses and may-use exhibits (due October 17, 2016). The Town further contends that a discovery conference was held on November 4, 2016, a fifteen-day

extension was granted for Plaintiff to provide responses, but Plaintiff failed to do so (Doc. 23).

The Town seeks dismissal of this action, with prejudice and at Plaintiff's cost. In the alternative, the Town asks this Court to compel Plaintiff to respond to discovery requests and pay attorney fees and expenses. The Town also asks the Court to upset the Plan of Work. Plaintiff's counsel filed a response to the motion on December 23, 2016, contending he has not been able to locate his client, and asking for new deadlines on the Plan of Work (Doc. 26).

## II. Motion to Dismiss for Failure to Prosecute

In Flaksa v. Little River Marine Const. Co., the United States Fifth Circuit Court of Appeals discussed the Court's power to impose sanctions. The Fifth Circuit noted the district court's well-established authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. The Fifth Circuit explained that the power is inherent in the courts, in the interest of the orderly administration of justice, and may be exercised *sua sponte* under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion. The Fifth Circuit cautioned that dismissal of an action with prejudice and entry of judgment by default are drastic remedies, which should be used only in extreme situations, since the district courts have a wide range of lesser sanctions. Flaksa v. Little River Marine Const. Co., 389 F.2d 885, 887–88 (5th Cir. 1968), cert. den., 392 U.S. 928 (1968). Generally, dismissal has been permitted only

in the face of a clear record of delay or contumacious conduct by the plaintiff. The Fifth Circuit has emphasized the importance, except in the most flagrant circumstances, of resorting to sanctions that do not deprive a litigant of his day in court. Flaksa, 389 F.2d at 888.

Plaintiff's counsel filed an opposition to this motion in December 2016 (Doc. 26), explaining that he has not been able to locate his client and requesting new deadlines in the Plan of Work. At a telephone conference on April 7, 2017, Plaintiff's counsel admitted he still had not heard from or been able to locate his client. All deadlines in the Plan of Work (Doc. 17) have passed except for the dispositive motion deadline. The Pretrial Conference is scheduled for August 17, 2017 (Doc. 16).

In Pearson v. Metro-North Commuter R. Co., 1990 WL 20173, *4 (S.D.N.Y. 1990), the court found dismissal of the case was warranted where the Plaintiff failed to attend his deposition, failed to respond to discovery requests, failed to comply with scheduling orders, and disappeared for over five months. In Zamic Corp. v. De La Cerda, 2009 WL 290188, *3 (S.D. Tex. 2009), the court granted a default in favor of plaintiffs due to defendants' total disappearance from the lawsuit, coupled with their prior incomplete and late participation.

Plaintiff Laborde has disappeared and failed to keep in touch with his attorney or this Court for at least five months. Laborde's attorney has been unable to locate him and has previously obtained one extension of time due to Laborde's absence. The attorneys are unable to move this case forward without Laborde's active participation.

Accordingly, Defendant's Motion to Dismiss (Doc. 23) should be granted. Laborde's case should be dismissed *without prejudice*, reserving his right to file a motion to reopen his suit if he reappears and has a good reason for failing to comply with this Court's orders.

## III. Conclusion

IT IS RECOMMENDED that Laborde's case be DISMISSED WITHOUT PREJUDICE, reserving his right to move to reopen his case, should be reappear and satisfactorily explain why he has failed to comply with this Court's orders.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this
__25th__ day of April, 2017.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge